# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 538 | **DATE** | 8/14/2001 |
| **CASE TITLE** | Reshard Jackson v. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Matthew Howard's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the Defendants' Motion to Dismiss [# 51-1, 58-1] and Motion to Strike [#65] are DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | AUG 28 2001 | | 85 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| mrl | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 01 AUG 27 PM 2: 59 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RESHARD JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 00 C 538 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| | ) | |
| CITY OF CHICAGO, OFFICER JOHN | ) | |
| DuBOISE, OFFICER MARIA PEREZ, and | ) | |
| other as-yet UNIDENTIFIED POLICE | ) | **DOCKET**⛔ |
| OFFICERS | ) | |
| | ) | AUG 2 8 2001 |
| Defendants | ) | |

## MEMORANDUM OPINION AND ORDER

On October 3, 1998, Reshard Jackson was arrested by officers of the Chicago Police Department. Jackson sued the officers and the City alleging various misconduct surrounding his arrest. His amended three-count complaint sought recovery under Section 1983, 42 U.S.C. The three counts seek recovery under theories of excessive force, denial of medical care and false arrest and unlawful seizure. Through discovery, Jackson identified Matthew Howard as one of the alleged wrongdoers and amended his complaint to include Howard. Howard has since moved to dismiss the action against him as untimely. For the reasons stated below, the Court DENIES Howard's motion.

### Introduction

For this motion, the following facts are assumed to be true. Jackson is a 25 year old Chicago resident who has been confined to a wheelchair since he was 17. In the evening of October 3, 1998,[1] he was at a friend's house when officers DuBoise and Perez entered the apartment. At some point

---

[1] It is now unclear whether the incident took place on October 3rd or October 5th. For purposes of this motion, the Court will assume that the later date is correct. Howard does not take issue with Jackson's clarification on this point.

while the officers were at the apartment, Officer DuBoise choked Jackson around his neck. The officers handcuffed Jackson's hands to the front wheels of his wheelchair and dragged the chair down the stairs, injuring Jackson's wrists, among other things. After being dragged downstairs, Jackson took muscle relaxant pills because of the trauma that the officers inflicted on him, but accidentally took too many.

On the way to the police station, Jackson told Matthew Howard that he had taken too many pills and that he needed to go to the hospital. Howard did not take Jackson to the hospital, but instead went to the police station. At the station, Jackson passed out and fell into a coma. Jackson remained in the coma for three days. Based on these events, Jackson sued for damages.

In his original complaint filed in January 2000, Jackson named the City of Chicago, and Unknown Chicago Police Officers. Jackson filed Amended and Second-Amended Complaints as he learned the identities of certain defendants, though neither named Howard as a defendant. Jackson was apparently laboring under the misapprehension that Howard was a Chicago Police officer – he isn't. To determine the identity of the person who drove him to the police station – the same person who refused to take him to the hospital – Jackson served interrogatories on the City. Jackson served the interrogatories, though, before this Court entered its Rule 26 scheduling order.

After unsuccessfully trying to settle this case with the magistrate judge's assistance, this Court entered a discovery schedule on July 19, 2000. During the settlement conference, though, the City agreed to respond to Jackson's previously-served interrogatories by August 2. The City didn't timely respond as promised. On August 22, Jackson again unsuccessfully tried extra-judicially to gain the City's co-operation with respect to his interrogatories. Nearly a month later, he moved to compel responses to his interrogatories. This Court granted his motion and ordered the City to

respond by October 2. On September 29, the City turned over as-yet undisclosed documents that revealed that a company called Illinois Medi-Car took Jackson from his home to the police station.

Armed with this new knowledge, Jackson filed a Third-Amended Complaint on October 4. Thereafter, he learned that Howard, who worked for Illinois Medi-Car, was the person who Jackson alleges ignored his request to be taken to a hospital. On December 19, Jackson filed a Fourth-Amended Complaint. Howard moved to dismiss the Fourth Amended Complaint as it pertained to him since Jackson filed it two years and six weeks after the date of the alleged wrongdoing [2]

### Discussion

Actions to enforce constitutional rights under Section 1983 must be brought within the time period prescribed by Illinois' personal injury statute of limitations. See, e.g., Wilson v. Garcia, 471 U.S. 261, 276 (1985); Kalimara. v. Illinois Dept. of Corrections, 879 F.2d 276, 277 (7th Cir. 1989). That period is two years. See 713 ILCS 5/13-202. While this federal statute looks to state law to determine the limitations period, federal law determines the time when the period begins to run. See, e.g., Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir. 1991). Amended suits, which add new parties after the two-year period, are untimely and will be dismissed unless relation back applies, see Fed. R. Civ. P. 15(c), or the running of the statute is tolled. See, e.g. Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 561-2 (7th Cir. 1996).

---

[2] Howard styles his motion as one to dismiss for failure to state a claim upon which relief can be granted as set out in Rule 12. See Fed. R. Civ. P. 12(b)(6). He has also moved to strike materials that Jackson submitted that are not part of his complaint, presumably, because courts are not to consider matters outside the pleadings for such motions. See, e.g., Hamilton v. Summers, 95 F. Supp. 2d 908, 911 (N.D. Ill. 2000). "Complaints[, though] need not anticipate or plead around affirmative defenses." Leavell v. Kieffer, 189 F.3d 492 (citing Gomez v. Toledo, 446 U.S. 635 (1980)). Consequently, Jackson's complaint is not deficient as a matter of pleading.

The Court, however, will treat Howard's motion as one for summary judgment and address the issues raised in it rather than denying it as a motion to dismiss. Also, the Court denies Howard's motion to strike material beyond the complaint.

Jackson concedes that he did not amend his suit to include Howard until after the two-year period ran on October 5, 2000. He also does not argue that the claim against Howard relates back to the date of his originally-filed complaint. Instead, he says that through no fault of his own, he reasonably assumed that Howard was a Chicago Police officer. And, while laboring under this misapprehension, the City's less-than-diligent efforts in responding to his discovery prevented him from timely learning Howard's identity. Although an extremely close case, the Court agrees that the statute of limitations ought to be tolled as to Howard.

To toll the statute of limitations on equitable grounds, a plaintiff must show that despite "reasonable diligence" in determining the alleged wrongdoer's name, he has been unable to do so. See Donald, 95 F.2d at 561 (citing Singletary v. Continental Illinois Nat'l Bank and Trust Co., 9 F.3d 1236 (7th Cir. 1993)). Unlike the doctrine of equitable estoppel in this context, to invoke equitable tolling, the plaintiff does not have to show wrongdoing by the defendant. Id. Courts have found the doctrine to apply, for example: when a plaintiff received inadequate notice that they have sued the wrong defendants; when a pending motion for appointment of counsel carried over the limitations deadline before the court ruled; and when a court had lead a plaintiff to believe that she had done everything that the pleading rules required of her. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984). Prejudice to the defendant, though, is a factor that weighs against equitably tolling the statute of limitations. Donald, 95 F.2d at 561.[3]

---

[3]    The Court rejects Howard's suggestion that the doctrine of equitable tolling is limited to cases where the plaintiff acts *pro se* or is incarcerated. Although the plaintiffs in the cases upon which Jackson relies acted *pro se*, there is no principled reason to impose such a limitation. Also, whether Jackson made a mistake is irrelevant for purposes of equitable tolling. While relevant to relation back of pleadings under Rule 15(c), Jackson has not invoked that as a basis for opposing Howard's motion. Thus, the cases that Howard points to, see, King v. One Unknown Federal Correctional Officer, 201 F.3d 910 (7th Cir. 2000); Baskin v. City of Des Plaines, 138 F.3d 701 (7th Cir. 1998), do not limit the Donald case with respect to equitable tolling as he suggests.

Although this case pushes the outer limits of the doctrine, the statue of limitations ought to be tolled for Jackson in this case. Through no fault of his own, he was unable to discover Howard's true identity until after the statute of limitations had run. Until that time, he was under a fairly reasonably mistaken impression that Howard was a Chicago Police officer. Since he had named the City as a defendant also, he thought that a well-crafted interrogatory would elicit Howard's identity. As it turns out, Howard is not a Chicago Police officer – though Howard has not argued in his motion that it was unreasonable to assume that he was one[4] – and Jackson didn't learn his identity until the City finally responded to his discovery days before the statue ran.

While Jackson could have been *more* diligent in prodding the City for the answers to discovery that revealed Howard as the proper defendant, his conduct meets or exceeds the absolute minimum threshold necessary to be considered "reasonable." For example, Jackson need not have acquiesced in the City's continued requests to postpone the settlement conference before the magistrate judge. He also could have been more vigilant in getting timely answers to his discovery. But, the delay in discovering that Howard was not a Chicago Police officer is certainly not all attributable to Jackson. After all, it was the City that affirmatively delayed discovery of Howard's identity. Moreover, Howard fails to establish that he would suffer any unfair prejudice by the delay in making him a party to this lawsuit.[5]

---

[4] Under the circumstances of Jackson's journey to the jail – having just been dragged downstairs in his wheelchair and taken too many muscle relaxing pills – and his subsequent lapse into a coma, it was reasonable for him to assume that it was a police officer who transported him to the police station after his arrest.

[5] Although Matthews claims that he would be able to participate in discovery, this claim of prejudice is undermined completely by the fact that he has, along with Illinois Medi-Car, moved for summary judgment and has supplied supporting materials. His brief in support of his motion does not suggest that he was prevented from discovering any information necessary to his defense. Also, the fact that some defendants in other cases may benefit from the running of the statute of limitations does not create unfair prejudice to him.

Although, future plaintiffs ought to be wary of so closely toeing the line of what constitutes "reasonable diligence," at bottom this is a case where Jackson, "through no fault or lack of diligence on his part," was unable to know Howard's identity and timely amend his complaint. See Donald, 95 F.2d at 561.

### Conclusion

For the foregoing reasons, the Court DENIES Howard's motion to dismiss.

Enter:

David H. Coar
United States District Judge

Dated: AUG 1 4 2001